## ROBERT FULLER *vs.* CHARLES EMERSON

A mortgagor of personal property gave one of his creditors an order addressed to the mortgagee, directing him to hold the property for the benefit of such creditor till paid, and to sell the same within six months, and apply the proceeds to the payment of such creditor's debt, after deducting the amount due the mortgagee, and this order was accepted by the mortgagee. Before the six months expired, or any sale was made, the mortgagor took the benefit of the insolvent law, the mortgagee was appointed assignee, and all the property of the mortgagor was assigned to him; and he, as such assignee, sold the property in question. It was held, that the order transferred no interest in the property to the creditor to whom it was given, but was merely an authority to the mortgagee to sell, which was revoked by the assignment in insolvency; and that the creditor could not maintain assumpsit against the mortgagee.

THIS was an action of assumpsit, and was submitted to the court upon the following statement of facts:

On the 22d of June, 1848, Henry G. Knights and William B. Jones, partners in trade under the firm of Knights & Jones, executed and delivered to the defendant a mortgage of certain personal property to secure the payment of certain notes, amounting to $2000, given by them to him, partly in consideration of their being indebted to him, and partly as security for such liabilities as he had incurred for them, or might incur by a renewal or change of such liabilities. The mortgage contained a stipulation that the mortgagors might keep possession of the property until a breach of the condition, and was duly recorded. The defendant renewed a portion of such liabilities, after the making of the mortgage and before the 15th of August, 1848; at which last named date, as well as at the time of the commencement of the proceedings in insolvency, hereinafter mentioned, the amount in which the mortgagors were indebted to him, and of his liabilities so incurred on their behalf, was $1500; but the notes secured by the mortgage had not been taken up by the mortgagors, nor had any sum been indorsed upon them.

On the said 15th of August, Knights & Jones were indebted to the plaintiff in the sum of one thousand dollars and upwards, whereof $491.72 was due and unpaid at the date of the writ, and at the time of the demand hereinafter stated; and on that day the plaintiff applied to them to pay or secure his debt, whereupon they gave him a writing in the following words: "Boston, August 15th, 1848. Mr. Charles Emerson. Sir, we are owing Mr. Robert Fuller one thousand dollars, and wish you to hold the security you now have on any property for his benefit till paid, and to sell the same within six months, and apply the sales of same to the payment of his debt, after deducting the amount due you, say thirteen hundred dollars. Knights & Jones." This order was presented on the same day to the defendant, who wrote upon its face the words "Accepted, Charles Emerson," and delivered it to the plaintiff.

In October, 1848, Knights and Jones dissolved partnership, Knights taking the property and assuming the debts. On the 20th of November, 1848, Knights, as an individual, and as co-

partner with Jones, applied for the benefit of the insolvent laws, and at the first meeting of his creditors, on the 15th of December, 1848, the defendant was chosen assignee, and an assignment made to him by the commissioner of insolvency of the estate of Knights. The mortgaged property remained in the possession of Knights & Jones, until the dissolution of their partnership, and then in the possession of Knights, until the defendant's appointment as assignee.

On the first of February, 1849, the defendant sold, under the order of the commissioner, all the property of Knights, including the mortgaged property, and realized for the latter the sum of two thousand dollars, fifteen hundred dollars of which he applied to the discharge of the debt due him from Knights & Jones, and of the liabilities incurred by him on their behalf, prior to the 15th of August, 1848; and holds the balance in his hands subject to the claim of the plaintiff thereon as against him, individually, or as assignee of Knights, if any such claim exists. After the sale, and before bringing this suit, the plaintiff demanded of the defendant payment of said sum of $491.72, out of the balance then in his hands; but he refused to pay said sum or any part thereof. Knights obtained a discharge from his debts under the proceedings in insolvency ; and a large amount of claims were proved by creditors of Knights, and of Knights & Jones, which the assets of Knights's estate are insufficient to pay.

If, upon the above facts, the plaintiff is entitled to recover, judgment is to be rendered in his favor for the amount of $491.72, with interest from the date of the writ; otherwise, judgment is to be rendered for the defendant.

*W. G. Russell,* for the plaintiff. 1. The acceptance of the order by the defendant was for sufficient consideration, and constitutes an express promise by the defendant to the plaintiff to sell the mortgaged property and apply the proceeds to the plaintiff's debt, according to the terms of the order. *Arnold* v. *Lyman,* 17 Mass. 400; *Adams* v. *Robinson,* 1 Pick. 461; *Curtis* v. *Norris,* 8 Pick. 280; *Bourne* v. *Cabot,* 3 Met. 305. 2. The order and acceptance constituted a valid assignment of the interest of Knights & Jones in the mortgaged property,

and of its proceeds, after payment of the defendant's claim. *Lett* v. *Morris*, 4 Simons, 607 ; *Langton* v. *Horton*, 1 Hare, 549 ; *Burn* v. *Carvalho*, 4 My. & Cr. 690 ; *Gibson* v. *Cooke*, 20 Pick. 15, 17 ; *Harris* v. *D' Wolf*, 4 Pet. 147 ; *Curtis* v. *Norris*, 8 Pick. 280 ; *Drown* v. *Pawtucket Bank*, 15 Pick. 88 ; *Dunn* v. *Snell*, 15 Mass. 481, 485 ; *Bourne* v. *Cabot*, 3 Met. 305. 3. The order and acceptance created an equitable lien on the mortgage and mortgage notes in favor of the plaintiff, and a trust, which attached to the proceeds of the mortgaged property, in the hands of the defendant. *Ex parte Carstairs*, 1 Rose, 130 ; *Bank of Utica* v. *Finch*, 3 Barb. Ch. 293 ; *Eastman* v. *Foster*, 8 Met. 19. 4. The assignment of Knights & Jones's estate in insolvency does not divest the lien, or annul the trust, or affect the liability of the defendant upon his acceptance. *Burn* v. *Carvalho*, 4 My. & Cr. 690 ; *Butler* v. *Breck*, 7 Met. 164 ; *Mitford* v. *Mitford* 9 Ves. 87, 100 ; *Langton* v. *Horton*, 1 Hare, 549 ; 2 Story on Eq. §§ 1229, 1411 ; *Mitchell* v. *Winslow*, 2 Story R. 630 ; *Eastman* v. *Foster*, 8 Met. 19, 24 ; *Leland* v. *The Medora*, 2 Woodb. & M. 92, 116.

*H. C. Hutchins*, for the defendant, cited *Malcolm* v. *Scott*, 3 Hare, 39 ; *Hoyt* v. *Story*, 3 Barb. 262 ; *Carrique* v. *Sidebottom*, 3 Met. 297 ; *Hall* v. *Jackson*, 20 Pick. 194.

SHAW, C. J. This order was not a conveyance or transfer of the mortgaged property to Fuller ; it was merely an authority to the mortgagee to sell within six months, and pay to Fuller the surplus remaining after the satisfaction of the mortgagee's own debt. The mortgagee, not being in possession, had no interest in the property beyond that created by the mortgage, and subject to its terms and conditions ; and after the discharge of the liability so created, he could have none in that specific property, which would enable him to satisfy the order by a sale. The order was provisional ; to pay when the goods were sold ; and, until such sale, it only gave an authority to make it, and passed no interest in anything. Before it was exercised, the mortgagors became insolvent ; it was revoked by the assignment, and Emerson then took in another character, namely, as assignee, for the benefit of all the creditors. The order could not operate as a pledge or

mortgage, because it was not put on record, nor followed by any transmutation of possession. There was only a naked authority to sell.

It is urged that the acceptance created a personal obligation to pay money which may be recovered in this form of action ; but that obligation was conditional, and the condition never occurred. Although Emerson had a right to sell at any time, he was not bound to do so; and even if we were to hold that he undertook to do so at some time within six months, his power was taken away by the proceedings in insolvency, and there could be no " sales," out of which alone he was bound to pay.

Some reliance was placed upon the fact, that the mortgage was given to secure liabilities arising from the renewal or change of those formerly existing. But the acceptance of this order did not secure such liabilities. And supposing the order was given to secure future liabilities in general, Emerson assumed no responsibility for Knights & Jones, by his acceptance. It was a conditional undertaking, and not within the mortgage. The condition not having arisen, there is no obligation upon him nor upon the surplus in his hands, which he must therefore hold for his general creditors.

*Judgment for the defendant.*